## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KENNETH CANNON**           :
          *Plaintiff*  :
                :    **No. 1:19-CV-1700**
**v.**                  :
                :    Electronically Filed Document
**MICHAEL WENEROWICZ, et al**  :
                :    Chief Judge Jones
                :    Magistrate Judge Schwab
         *Defendants*  :

### ANSWER and AFFIRMATIVE DEFENSES

AND NOW, on March 22, 2021, come Defendants Klemm, MacKnight, Moore, and DelBalso, by and through their undersigned counsel, to file this **ANSWER and AFFIRMATIVE DEFENSES**, to the Second Amended Complaint (Doc. 34), as directed by the Court's Order of March 10, 2021, (Doc. 47) and, in support thereof, provides the following:

### ANSWER

The first unnumbered paragraph of Plaintiff's Second is comprised of legal conclusions to which no responsive pleading is required. However, to the extent this paragraph is deemed to contain any factual averments and/or any response is deemed necessary, those allegations are DENIED and strict proof is demanded at trial if material. By way of further ANSWER, Defendants note that the Court has DISMISSED certain claims including: (a) the RLUIPA claim against Defendants in their individual capacities; (b) the RLUIPA claim for damages against Defendants in

their official capacities; (c) the RFRA claim; and (d) any § 1983 claims for damages against Defendants in their official capacities. *See* (Doc. 46).

### 1. Procedural History[1]

1. ADMITTED in part; DENIED in part. It is ADMITTED that a nine (9) page filing was docketed by the United State District Court for the Middle District of Pennsylvania on October 2, 2019 under Case 1:19-CV-01700-JEJ-SES. By way of further answer, that filing is a document which speaks for itself, and that such filing indicates it was filed by a Deputy Clerk on September 30, 2019. To the extent this paragraph is deemed to contain any further allegations of fact, the same are DENIED and strict proof is demanded at trial if material.

2. ADMITTED in part; DENIED in part. It is ADMITTED that Delbalso, Klemm, MacKnight, Moore, and Wenerowicz filed a motion to dismiss document 1 on February 4, 2020. To the extent this paragraph is deemed to contain any further allegations of fact, the same are DENIED and strict proof is demanded at trial if material.

3. ADMITTED.

---

[1] Throughout this filing, Defendants will **Bold** any headings taken from the Second Amended Complaint. By re-stating such headings herein, Defendants are not intending to admit the same or waive any arguments related thereto, , but instead will DENY the same, to the extent any responsive pleading is required, and instead is simply re-stating the same for ease of reference and comparison to the Second Amended Complaint.

4. ADMITTED in part; DENIED in part. It is ADMITTED that a forty-four (44) page filing was docketed by a Deputy Clerk for the United State District Court for the Middle District of Pennsylvania on March 9, 2020 under Case 1:19-CV-01700-JEJ-SES, and later deemed to be an Amended Complaint. *See* (Doc. 23). By way of further answer, that filing is a document which speaks for itself. To the extent this paragraph is deemed to contain any further allegations of fact, the same are DENIED and strict proof is demanded at trial if material. By way of further answer, Defendants note that the remainder of the paragraph is comprised of legal conclusions to which no responsive pleading is required.

5. ADMITTED.

6. ADMITTED

7. ADMITTED in part; DENIED in part. It is ADMITTED that, a forty-four (44) page filing was docketed by a Deputy Clerk for the United State District Court for the Middle District of Pennsylvania on June 18, 2020 under Case 1:19-CV-01700-JEJ-SES, and later deemed to be a Second Amended Complaint. *See* (Doc. 33).

## 2.  Jurisdiction and Venue

8. This paragraph is comprised of legal conclusions related to jurisdiction to which no responsive pleading is required. However, to the extent this paragraph is deemed to contain any factual averments and/or any response is deemed

necessary, those allegations are DENIED and strict proof is demanded at trial if material.

9.  This paragraph is comprised of legal conclusions related to jurisdiction to which no responsive pleading is required. However, to the extent this paragraph is deemed to contain any factual averments and/or any response is deemed necessary, those allegations are DENIED and strict proof is demanded at trial if material.

10. This paragraph is comprised of legal conclusions related to jurisdiction to which no responsive pleading is required. However, to the extent this paragraph is deemed to contain any factual averments and/or any response is deemed necessary, those allegations are DENIED and strict proof is demanded at trial if material.

11. This paragraph is comprised of legal conclusions related to jurisdiction to which no responsive pleading is required. However, to the extent this paragraph is deemed to contain any factual averments and/or any response is deemed necessary, those allegations are DENIED and strict proof is demanded at trial if material.

12. This paragraph is comprised of legal conclusions related to venue to which no responsive pleading is required. However, to the extent this paragraph is deemed

to contain any factual averments and/or any response is deemed necessary, those

allegations are DENIED and strict proof is demanded at trial if material.

**3. Parties**

13. ADMITTED.

14. ADMITTED.

15. ADMITTED.

16. ADMITTED.

17. ADMITTED in part; DENIED in part. It is ADMITTED that Ulli Klemm was

    employed by the Pennsylvania Department of Corrections as the Religious

    Services Administrator.

18. This paragraph is comprised of legal conclusions related to venue to which no

    responsive pleading is required. However, to the extent this paragraph is deemed

    to contain any factual averments and/or any response is deemed necessary, those

    allegations are DENIED and strict proof is demanded at trial if material.

19. Given that Plaintiff has not identified Defendant John Doe 1, the Answering

    Defendants are without sufficient information or knowledge to evaluate the

    accuracy of any factual averments of this paragraph and thus such averments are

    DENIED and strict proof is demanded at trial if material.

20. Given that Plaintiff has not identified Defendant John Doe 1, the Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

21. Given that Plaintiff has not identified Defendant John Doe 2, the Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

22. Given that Plaintiff has not identified Defendant John Doe 2, the Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

23. Given that Plaintiff has not identified Defendant John Doe 3, the Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

24. Given that Plaintiff has not identified Defendant John Doe 3, the Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

25. ADMITTED.

26. This paragraph is comprised of legal conclusions related to venue to which no responsive pleading is required. However, to the extent this paragraph is deemed to contain any factual averments and/or any response is deemed necessary, those allegations are DENIED and strict proof is demanded at trial if material.

27. ADMITTED.

28. This paragraph is comprised of legal conclusions related to venue to which no responsive pleading is required. However, to the extent this paragraph is deemed to contain any factual averments and/or any response is deemed necessary, those allegations are DENIED and strict proof is demanded at trial if material.

29. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material. By way of further response, the Answering Defendants note that Plaintiff has not identified Defendant John Does 1, 2, or 3 and thus the Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

30. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain

any allegations, they are DENIED and strict proof is demanded at trial if material.

### 4.  Previous Litigation and Waiver

31. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

32. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

### 5.  Previous Litigation and Waiver

### A. Cannon's Religious Beliefs

33. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

34. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

35. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

36. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

37. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

38. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

39. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

40. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

41. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

## B. Cannon's Religious Beliefs

42. ADMITTED in part; DENIED in part. It is ADMITTED that the Pennsylvania Department of Corrections has promulgated a Policy on the subject "Inmate Visiting Privileges" which, under policy number, DC-ADM 812, which had an effective date of September 27, 2018. The Answering Defendants note that the DC-ADM 812 policy is a document which speaks for itself and thus, the remaining allegations of this paragraph are DENIED to the extent they seek to characterize the DC-ADM 812 policy and such characterization is inconsistent therewith.

43. ADMITTED in part; DENIED in part. It is ADMITTED that DC-ADM 812 § 1.A.1 indicates that "[a]n inmate in general population will be permitted contact visits in a relaxed setting, under supervision of the assigned Correctional Officer(s)." By way of further response, the Answering Defendants note that the DC-ADM 812 policy is a document which speaks for itself and thus, the remaining allegations of this paragraph are DENIED to the extent they seek to characterize the DC-ADM 812 policy and such characterization is inconsistent therewith.

44. ADMITTED.

45. DENIED.

46. ADMITTED.

47. DENIED.

48. DENIED.

49. DENIED as stated. By way of further response, the Answering Defendants note that the visiting room contains an area for fire evacuation routes and an area for foot traffic to ambulate through the visiting room to and from sitting areas therein.

50. DENIED as stated. By way of further response, the Answering Defendants note that the visiting room is cleaned at the beginning of shift before any visitors are allowed in; but, during the visits, normal foot traffic on the floor may cause it to become dirty and the same is not cleaned or mopped until the conclusion of the shift absent a spill or wet area causing a hazardous condition.

51. DENIED

52. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material

**C. The Events of November, 2018**

53. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

54. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

55. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

56. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

57. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

58. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

59. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

60. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

61. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

62. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

### D. Cannon's Attempts to Obtain Relief

63. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

64. ADMITTED in part; DENIED in part. It is ADMITTED that Plaintiff submitted a DC-135A form on Nov. 25, 2018, and such form is a document which speaks for itself. To the extent Plaintiff's allegations characterize that document inconsistently with the document itself, said allegations are DENIED. The remaining allegations of this paragraph are DENIED and strict proof is demanded at trial if material.

65. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

66. DENIED. Defendants further note that this paragraph refers to a document for which the contents thereof speak for themselves and thus, the allegations of this paragraph are specifically DENIED to the extent such allegations are inconsistent with that document.

67. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

68. ADMITTED in part; DENIED in part. It is ADMITTED that Plaintiff submitted a Religious Accommodation Request form on Dec. 18, 2018, and such form is a document which speaks for itself. To the extent Plaintiff's allegations characterize that document inconsistently with the document itself, said allegations are DENIED. The remaining allegations of this paragraph are DENIED and strict proof is demanded at trial if material.

69. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain

any allegations, they are DENIED and strict proof is demanded at trial if material.

70. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

71. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

72. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material. By way of further response, the Answering Defendants note that the cited decision is a document which speaks for itself and thus, Plaintiff's characterization thereof are DENIED to the extent they are inconsistent therewith.

73. ADMITTED.

74. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if

material. By way of further response, the Answering Defendants note that the cited decision is a document which speaks for itself and thus, Plaintiff's characterization thereof are DENIED to the extent they are inconsistent therewith.

75. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

76. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

77. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

78. ADMITTED in part; DENIED in part. It is ADMITTED that on April 17, 2019, Cannon filed a DC-804 grievance. By way of further response, the Answering Defendants note that the cited decision is a document which speaks

for itself and thus, Plaintiff's characterization thereof are DENIED to the extent they are inconsistent therewith.

79. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

80. DENIED.

81. ADMITTED in part; DENIED in part. It is ADMITTED that Defendant MacKnight provided a written response on May 13, 2019, in a document which speaks for itself. To the extent Plaintiff's allegations characterize that document inconsistently with the document itself, said allegations are DENIED. The remaining allegations of this paragraph are DENIED and strict proof is demanded at trial if material.

82. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

83. DENIED.

84. DENIED.

85. DENIED.

86. ADMITTED in part; DENIED in part. It is ADMITTED that on June 12, 2019, Cannon sought review of a grievance. By way of further response, the Answering Defendants note that the cited decision is a document which speaks for itself and thus, Plaintiff's characterization thereof are DENIED to the extent they are inconsistent therewith.

87. ADMITTED with clarification. Defendant MacKnight provided a response dated May 13, 2019. Defendants further note that this paragraph refers to a document for which the contents thereof speak for themselves and thus, the allegations of this paragraph are specifically DENIED to the extent such allegations are inconsistent with that document.

88. ADMITTED.

89. ADMITTED.

90. This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

91. DENIED.

92. DENIED.

93. DENIED.

94. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

95. The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph and thus such averments are DENIED and strict proof is demanded at trial if material.

96. ADMITTED with clarification. The final appeal decision was signed by Defendant Moore. Defendants further note that this paragraph refers to a document for which the contents thereof speak for themselves and thus, the allegations of this paragraph are specifically DENIED to the extent such allegations are inconsistent with that document.

97. DENIED.

98. DENIED.

99. DENIED.

## D. Cannon's Attempts to Obtain Relief

100.    ADMITTED.

101.    The Answering Defendants are without sufficient information or knowledge to evaluate the accuracy of any factual averments of this paragraph

and thus such averments are DENIED and strict proof is demanded at trial if material.

102.     DENIED.

## 6. Previous Litigation and Waiver

103.     This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

## 7. Previous Litigation and Waiver

104.     This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

105.     This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

106.     This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain

any allegations, they are DENIED and strict proof is demanded at trial if material.

107.    This paragraph is comprised of legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

## 8.  Relief

This unnumbered paragraph is comprised of requests for relief and legal conclusions to which no responsive pleading is required; however, to the extent this paragraph is construed to contain any allegations, they are DENIED and strict proof is demanded at trial if material.

<b>AFFIRMATIVE DEFENSES</b>

I.     The Complaint fails to state a claim upon which relief may be granted.

II.    Plaintiff failed to exhaust his administrative remedies prior to filing his Complaint.

III.   If the Defendants violated any rights of the Plaintiff, which is specifically DENIED by Defendants, such violation was not arbitrary, willful, intentional, malicious, wanton, or reckless.

IV.     Defendants acted at all times with the good-faith belief that their conduct was lawful, thus they are immune from liability by virtue of absolute, qualified, official, governmental, state, sovereign, or any other immunity.

V.      Plaintiff's claims are barred by the statute of limitations and/or the doctrine of laches.

VI.     At no time have Defendants, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities secured to them by the Constitution or laws of the United States or this Commonwealth.

VII.    Plaintiff's claims are barred by the Eleventh Amendment.

VIII.   The Complaint makes claims for damages, some or all of which are not or may not be legally cognizable or compensable under Federal Law or the laws of the Commonwealth of Pennsylvania.

IX.     To the extent Plaintiff's injuries were caused by individuals whom Defendants do not have authority or control over, Defendants are not liable.

X.      To the extent Plaintiff's claims are based upon theories of vicarious liability or *respondeat superior*, they are unavailable.

XI.     Some or all of Plaintiff's claims are barred due to a lack of personal involvement.

XII.   Plaintiffs are entitled to no relief, whether compensatory, declaratory, punitive, or otherwise.

XIII.  The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

XIV.   To the extent Plaintiffs were denied any due process, the outcome would have been the same even if process had been provided.

XV.    All of some of Plaintiff's claims are barred by the doctrines of waiver, estoppel, *res judicata*, and/or the doctrine of unclean hands.

XVI.   If the incidents occur as alleged, which is strictly DENIED, the condition(s) complained of did not create a reasonably foreseeable risk proximate to the injuries.

XVII.  All actions taken by Defendants were proper, lawful, correct, and in full accord with all applicable statutes, regulations, customs, laws and usages.

XVIII.    Any actions taken by Defendants were justified, privileged and reasonable.

XIX.   Defendants assert the doctrine of justification with respect to any conduct material to Plaintiff's claims.

XX.    Any harm occurring to Plaintiffs was the proximate result of actions or inactions of persons other than Defendants.

XXI.  Defendants reserve the right to assert additional Affirmative Defenses as appropriate as this case moves forward.

**WHEREFORE**, judgment should be entered in favor of the Defendants, together with all costs.

<table>
<tr><td></td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>**JOSH SHAPIRO**<br>Attorney General</td></tr>
</table>

By:

abowers@attorneygeneral.gov
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Phone: (717) 787-2038

**ANTHONY BOWERS**
Deputy Attorney General
PA 311155

**KAREN ROMANO**
Chief Deputy Attorney General
*Counsel* for Defendants Klemm, MacKnight, Moore, and DelBalso

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH CANNON** | : | |
| *Plaintiff* | : | |
| | : | **No. 1:19-CV-1700** |
| **v.** | : | |
| | : | Electronically Filed Document |
| **MICHAEL WENEROWICZ, et al** | : | Chief Judge Jones |
| | : | |
| *Defendants* | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Anthony Bowers, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on March 22, 2021, I caused to be served a true and correct copy of the foregoing document, titled **ANSWER and AFFIRMATIVE DEFENSES** upon the Plaintiff via hand delivery through the Department of Corrections. This alternative service method being utilized due to the COVID-19 pandemic.

By: _____

**ANTHONY BOWERS**

abowers@attorneygeneral.gov
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-2038

Deputy Attorney General
PA Attorney ID 311155
Counsel for Defendants Defendants
Klemm, MacKnight, Moore, and DelBalso

1